**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

In re:

R. DON THROGMARTIN                           Case No.9:09-bk-28555-BSS
a/k/a DON THROGMARTIN,

           Debtor.                    /

**W. GERALD THROGMARTIN'S (A) RESPONSE**
**TO TRUSTEE'S MOTION TO DETERMINE THAT**
**CLAIM NO. 2-1 IS A DOMESTIC SUPPORT OBLIGATION**
**AND (B)  LIMITED OBJECTION TO CLAIM NO. 2-1**

    Creditor, W. Gerald Throgmartin ("G. Throgmartin"), by his undersigned counsel, files his Response to the Trustee's Motion to Determine that Claim No. 2-1 of Suzanne Throgmartin is a Domestic Support Obligation and Limited Objection to Claim No. 2-1, and states as follows:

**Requested Relief**

    G. Throgmartin files a limited objection to Claim No. 2-1.  G. Throgmartin asserts that Claim No. 2-1 should be treated as a general unsecured claim and not as a priority claim.  The basis of the Claim is not alimony, maintenance, or support but rather property division.  G. Throgmartin requests that the Court defer consideration of the determination until such time as the bankruptcy case is closer to its conclusion.

**Background Allegations**

    1.    Don Throgmartin (the "Debtor") filed a Chapter 7 Voluntary Petition for Relief on December 16, 2009.

    2.    On March 5, 2010, Suzanne Throgmartin ("Suzanne") filed Claim 2-1 in the amount of $302,000.00 (the "Claim").  She seeks priority treatment pursuant to 11 U.S.C. §507(a)(1).

3. On November 12, 2011, the Trustee filed his Motion to Determine that Claim No. 2-1 of Suzanne Throgmartin is a Domestic Support Obligation (the "Motion").

4. G. Throgmartin is a creditor in this case. Pursuant to 11 U.S.C. §502(a), G. Throgmartin has standing to object to the Claim.

5. G. Throgmartin does not dispute that Suzanne is entitled to an unsecured claim in the amount of $302,000.00 in this case.

## Response and Limited Objection

6. G. Throgmartin has reviewed the Memorandum attached to the Claim, as well as other relevant authority, and disputes Suzanne's and the Trustee's assertions that the Claim is for a domestic support obligation.

7. Relevant authority from the Seventh Circuit Court of Appeals and Indiana bankruptcy courts suggest that many of the factors considered in determining whether an obligation is in the nature of a domestic support obligation or property division weigh in favor of a finding that this case involves property division. In re Woods, 561 F.2d 27 (7th Cir. 1977) and Hart v. Hart, 130 B.R. 817 (Bankr. N.D. Ind. 1991) cited, among others, the following factors:

    a. location of the provision creating the obligation in the agreement between the spouses (in this case the description of the payments to be made to Suzanne was contained in paragraphs 5, 6 and 7 of the Joint Property Settlement Agreement relating to allocation of property, debts and obligations);

    b. the description of the obligation as property division (the title and all references in the Joint Property Settlement Agreement say it involves property division secured by a judgment lien—the terms alimony or support were never used);

  c. whether the obligation terminates upon death (contrary to Suzanne's argument, the Joint Property Settlement Agreement provides that the Debtor was obligated to continue to pay $31,000 per month for twenty years even if Suzanne died before this time elapsed);

  d. whether the obligation is taxable to the recipient and deductible by the Debtor (the Joint Property Settlement Agreement suggests that the Debtor was not entitled to a deduction and Suzanne did not have taxable income for her $31,000 monthly payments unless she lived longer than 20 years and received more than the $7,940,000 from her "marital property distribution judgment lien," in which case the Debtor was required to increase the amount of his monthly payment to cover the tax liability that was incurred); and

  e. the manner of enforcement of the award (as noted above, the Joint Property Settlement Agreement provides for a "marital property distribution judgment lien" and says that such lien is to attach to specific parcels of real estate—there is no mention of contempt as the tool for enforcement as is generally the case for alimony and support).

8. Recent Indiana state court authority also supports this conclusion. In <u>Bean v. Bean</u>, 902 N.E.2d 256 (Ind. Ct. App. 2009), the court referenced many of the factors considered in <u>In re Woods</u> and <u>Hart v. Hart</u> and mentioned additional matters that lead to the conclusion this case involves property division. Those factors are: (a) whether the obligation was subject to contingencies such as remarriage or death (as noted above the Joint Property Settlement Agreement did not provide for termination of payments upon Suzanne's death nor was it affected if she remarried); (b) whether the obligation was modifiable (paragraph 11 of the Joint Property

3

Settlement Agreement said it was not modifiable unless Suzanne agreed); and (c) whether there was a division of property and allocation of debts between the parties (as noted above this is exactly what paragraphs 5, 6 and 7 of the Joint Property Settlement Agreement did).

9.  The Debtor and Suzanne in paragraphs 4 and 5 of their Joint Property Settlement Agreement acknowledged that they had "accumulated certain assets in the form of real and personal property and marital debts and obligations" and that they "mutually agreed upon what they feel to be a fair and equitable property settlement agreement with respect to such real and personal property, assets and marital debts and obligations." There is no reference in the Joint Property Settlement Agreement to alimony or support. The Debtor's and Suzanne's intent to divide their property is clear from this document.

10. G. Throgmartin suggests that the best course may be to continue consideration of the Motion and priority status of the Claim until other claim objections are resolved, the amount of monies in the estate is more concrete and the case is at its final stages of distribution.

**WHEREFORE**, W. Gerald Throgmartin requests the Court to ultimately enter an Order determining that Claim No. 2-1 is an unsecured claim and not entitled to priority under 11 U.S.C. § 507(a)(1).

/s/ Lara R. Fernandez
MICHAEL P. HORAN
Florida Bar No. 0307742
mhoran@trenam.com
LARA R. FERNANDEZ
Florida Bar No. 0088500
lfernandez@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
Suite 2700, Bank of America Plaza
101 East Kennedy Boulevard
Tampa, Florida 33602
Tel: (813) 223-7474
Fax: (813) 229-6553

And

Mark R. Wenzel
Indiana Bar No. 1797-49
mwenzel@kdlegal.com
KRIEG DEVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana  46204-2079
Tel:  (317) 636-4341
Fax:  (317) 636-1507

Attorneys for W. Gerald Throgmartin

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 21, 2011 a true and correct copy of the foregoing RESPONSE TO TRUSTEE'S MOTION has been provided through the Court's CM/ECF Noticing System to: **Robert E. Tardif, Jr**., Post Office Box 2140, Fort Myers, FL 33902; **Robert F Elgidely, Esq**., Genovese Joblove & Battista P.A., 200 E. Broward Blvd. #1110, Fort Lauderdale, FL 33301; **Don Throgmartin, LLC**, 1533 Hendry Street, 1st Floor, Ft. Myers, FL 33901; and the **All Creditors** mailing matrix.

/s/ Lara R. Fernandez
Attorney

6018695